UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

ONEIDA LTD.,

                Plaintiff,

        v.

ALCO INDUSTRIES, INC.,

                Defendant.

-------------------------------------------------------------------

Civil Action No.:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Oneida Ltd., by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby alleges as its Complaint against Defendant Alco Industries, Inc. as follows:

### JURISDICTION AND VENUE

1.     This is an action for design patent infringement brought under the patent laws of the United States, including 35 U.S.C. §§ 271 *et seq.*

2.     This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 1338(a).

1106939.1

3.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## PARTIES

4.  Plaintiff Oneida Ltd. ("Oneida") is a corporation organized and existing under the laws of the State of New York and having a principal place of business at 163-181 Kenwood Avenue, Oneida, New York.

5.  Upon information and belief, defendant Alco Industries, Inc. ("Alco") is a corporation organized and existing under the laws of the State of New York and having a place of business at 111 Melrich Road, Cranbury, New Jersey 08512.

## DESIGN PATENT INFRINGEMENT

6.  Oneida markets and sells tableware products throughout the United States, including a broad selection of flatware, such as forks, knives, and spoons.

7.  Oneida is the owner of all right, title and interest in U.S. Design Patent No. 407,611 ("the '611 patent"), which duly issued on April 6, 1999. A copy of the '611 patent is attached hereto as **Exhibit A**.

8.  Oneida has discovered that Alco is importing, offering for sale and/or selling flatware sets including spoons identical to that depicted and claimed in the '611 patent ("the Alco flatware").

9.  Upon information and belief, an ordinary observer would find the design of the Alco flatware to be substantially the same as the ornamental design claimed in the '611 patent and would be deceived into purchasing the Alco flatware by believing it to be the claimed design.

10. The design of the Alco flatware appropriates the point(s) of novelty of the design claimed in the '611 patent.

11. The making, using, selling, offering for sale, and/or importing of the Alco flatware by Alco constitutes patent infringement under 35 U.S.C. § 271.

12. Alco, upon information and belief, is committing willful infringement by making, using, selling, offering for sale, and/or importing the Alco flatware with knowledge that the products infringe the '611 patent.

13. On September 14, 2005, Oneida notified Alco in writing that it considered the manufacture and sale of the Alco flatware to be an infringement of the '611 patent and demanded that Alco cease and desist from further infringing the '611 patent.

14. Alco has failed to cease and desist the infringing acts.

15. Alco's willful infringement and deliberate disregard for Oneida's statutory rights warrant a trebling of damages pursuant to 35 U.S.C. § 284, and a finding that this case is exceptional under 35 U.S.C. § 285, thereby entitling Oneida to an award of costs and attorneys' fees.

16. Oneida has no adequate remedy at law.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, the plaintiff prays that the Court:

(a) Enter judgment that the defendant has infringed U.S. Design Patent No. 407,611;

(b) Enter judgment that defendant's acts of infringement are willful;

(c) Enter judgment that this is an exceptional case under 35 U.S.C. § 285;

(d) Pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoin the defendant, its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners,

1106939.1

representatives and all parties in active concert and/or participation with it from directly or indirectly making, having made, selling, offering for sale, distributing, using, or importing into the United States all products that infringe U.S. Design Patent No. 407,611;

(e) Order the defendant to account for and pay to the plaintiff damages adequate to compensate for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty;

(f) Order the defendant to account for and pay to the plaintiff all profits derived by the defendant from infringing U.S. Design Patent No. 407,611 under 35 U.S.C. § 289;

(g) Award the plaintiff treble damages pursuant to 35 U.S.C. § 284;

(h) Award the plaintiff its prejudgment interest and costs pursuant to 35 U.S.C. § 284, and its attorneys' fees under 35 U.S.C. § 285; and

(i) Grant the plaintiff such other and further relief as the Court may deem just and proper.

Dated: September 16, 2005

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: _____
Louis Orbach (507815)
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100

Attorneys for Plaintiff

1106939.1

# EXHIBIT A

# United States Patent [19]

**Shane-Schuldt**

[11] Patent Number: **Des. 407,611**
[45] Date of Patent: ∗∗**Apr. 6, 1999**

US00D407611S

[54] **SPOON**

[75] Inventor: **Diane Shane-Schuldt**, Sherrill, N.Y.

[73] Assignee: **Oneida Ltd.**, Oneida, N.Y.

[∗∗] Term: **14 Years**

[21] Appl. No.: **87,549**

[22] Filed: **May 5, 1998**

[51] LOC (6) Cl. .............................................. **07-03**
[52] U.S. Cl. ............................................... **D7/653**
[58] Field of Search .................. D7/642, 645, 653, D7/662–664; 30/147–150, 324

[56] **References Cited**

U.S. PATENT DOCUMENTS

| D. 179,281 | 11/1956 | Conroy | D7/653 |
| D. 220,976 | 6/1971 | Conland | D7/653 |
| D. 222,923 | 2/1972 | Conland | D7/653 |
| D. 231,893 | 6/1974 | Manderfield | D7/653 |

*Primary Examiner*—Caron D. Veynar
*Attorney, Agent, or Firm*—Wall Marjama Bilinski & Burr

[57] **CLAIM**

The ornamental design for a spoon, as shown and described.

**DESCRIPTION**

FIG. 1 is a top view of a spoon showing my new design;
FIG. 2 is a right side elevational view thereof, the left side view being a mirror image thereof;
FIG. 3 is a bottom plan view thereof; and
FIG. 4 is a cross section view taken along line 4—4 of FIG. 1; and,
FIG. 5 is a cross-section view taken along line 5—5 of FIG. 1.

**1 Claim, 1 Drawing Sheet**



**U.S. Patent**  Apr. 6, 1999  **Des. 407,611**



FIG.1   FIG.2   FIG.3

FIG.4   FIG.5